IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:19-CV-1280 |
| v. ) | |
| ) | |
| BAGGOTT FAMILY FARMS ) | |
| CORPORATION and ) | |
| THOMAS E. BAGGOTT, JR., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**COMPLAINT**

The United States of America, at the direction of a delegate of the Attorney General of the United States and with the authorization of a delegate of the Secretary of the Treasury, brings this civil action pursuant to 26 U.S.C. § 7402(a) to enjoin Baggott Family Farms Corporation and Thomas E. Baggott, Jr. from continuing to operate a business without paying the associated federal employment taxes on their employees' wages. For its complaint, the United States alleges as follows:

Jurisdiction and Parties

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1340, and 1345 and 26 U.S.C. § 7402.

2. Baggott Family Farms Corporation was incorporated in Connecticut in 2004 and has a principal place of business within the jurisdiction of this Court.

3. Thomas E. Baggott, Jr. resides in East Granby, Connecticut, which is within the jurisdiction of this Court. Thomas E. Baggott, Jr. is the President of Baggott Family Farms Corporation.

1

Preliminary Factual Allegations

4.  Baggott Family Farms Corporation operates as a retail garden center.

5.  At all times relevant to this action, Baggott Family Farms Corporation has had employees and, as an employer, has been subject to the employment tax obligations imposed by the Internal Revenue Code and regulations thereunder, including the obligation to:

   a.  withhold from its employees' wages federal income taxes and Federal Insurance Contributions Act ("FICA") taxes, and to pay over the withheld taxes to the Internal Revenue Service ("IRS");

   b.  pay the employer portion of FICA, and the Federal Unemployment Tax Act ("FUTA") taxes;

   c.  periodically deposit the income and FICA taxes withheld from its employees' wages, the employer portion of FICA, and the FUTA taxes in an appropriate federal depository bank in accordance with federal depositing regulations; and

   d.  file Form 943, Employer's Annual Federal Tax Return for Agricultural Employees, and Form 940, Employer's Annual Federal Unemployment Tax Return, with the IRS and pay any employment taxes not already deposited on or before the due date of the return.

6.  Baggott Family Farms Corporation has failed to comply with its employment tax obligations and has been engaging in a practice known as "pyramiding," by which a business withholds taxes from its employees but fails to pay over the taxes to the IRS as required by law.

7.  For many years, including as early as 2006, Baggott Family Farms Corporation has consistently failed to pay over withheld federal income and FICA taxes, the employer's portion of FICA, and the FUTA taxes.

8. Baggott Family Farms Corporation failed to pay over withheld federal income and FICA taxes, as well as the employer's portion of FICA taxes, for the tax periods ending December 31, 2007; December 31, 2010; December 31, 2011; December 31, 2014; December 31, 2015; and December 31, 2016; and there remains a balance due on the liabilities, including interest, penalties, and other statutory additions, for these tax periods.

9. Baggott Family Farms Corporation failed to pay over the FUTA taxes for the tax periods ending December 31, 2007; December 31, 2012; December 31, 2013; December 31, 2014; December 31, 2015; December 31, 2016; and December 31, 2017; and there remains a balance due on the liabilities, including interest, penalties, and other statutory additions, for these tax periods.

10. Thomas E. Baggott, Jr. is the President of Baggott Family Farms Corporation.

11. Barbara Higgins is the Secretary and Treasurer of Baggott Family Farms Corporation.

12. The IRS has attempted to bring Baggott Family Farms Corporation into compliance with its employment tax obligations and to collect its past due quarterly employment taxes. The IRS's efforts with respect to the tax periods listed in paragraphs 8 and 9 have included the following:

a. recording Notices of Federal Tax Lien with the Town Clerk of the towns of East Windsor and East Granby, Connecticut and with the Connecticut Secretary of State and issuing IRS Letters 3172 (Notices of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320), to Baggott Family Farms Corporation on January 17, 2008; May 13, 2008; June 21, 2012; December 29, 2015; April 4, 2017; June 13, 2017; August 10, 2017; June 7, 2018; and August 9, 2018.

      b.      issuing levies to collect accounts payable;

      c.      entering into installment agreements with Baggott Family Farms Corporation on which the company subsequently defaulted;

      d.      hand delivering Letter 903 (You Haven't Deposited Federal Employment Taxes), and Notice 931 (Deposit Requirements for Employment Taxes), to Thomas E. Baggott, Jr. on August 23, 2018;

      e.      assessing trust fund recovery penalties against Thomas E. Baggott, Jr. and Barbara Higgins pursuant to 26 U.S.C. § 6672 as persons responsible for collecting, accounting for, and paying over the income and FICA taxes withheld from the wages of Baggott Family Farms Corporation's employees who willfully failed to do so for the tax periods ending December 31, 2007; December 31, 2010; December 21, 2011; December 31, 2014; December 31, 2015; and December 31, 2016, but the penalties remain unpaid; and

      13.      The IRS has been unable to locate any substantial company assets from which it could satisfy the unpaid employment tax liabilities listed in paragraphs 8 and 9.

      14.      Despite IRS efforts to bring Baggott Family Farms Corporation into compliance with its employment tax obligations, the company has continued to fail to meet its obligations.

Count I – Injunction

      15.      On the dates and for the tax periods set forth below, a delegate of the Secretary of the Treasury made assessments against Baggott Family Farms Corporation for unpaid income taxes and FICA taxes withheld from the wages of the company's employees and for the unpaid employer portion of the FICA taxes, which have balances due as set forth below, after accounting for payments, credits, interest, and statutory additions including penalties:

| Tax Period Ending | Assessment Date | Unpaid Balance Due as of May 2, 2019 |
|---|---|---:|
| 12/31/2007 | 03/17/2008 | $336,604.27 |
| 12/31/2010 | 03/28/2011 | $342,435.68 |
| 12/31/2011 | 04/02/2012 | $128,764.60 |
| 12/31/2014 | 03/30/2015 | $319,561.33 |
| 12/31/2015 | 03/28/2016 | $363,191.53 |
| 12/31/2016 | 04/03/2017 | $357,458.20 |

16. Notice of each assessment listed in paragraph 15 and demand for its payment was properly made on Baggott Family Farms Corporation.

17. Despite notice of the assessments listed in paragraph 15 and demand for their payment, Baggott Family Farms Corporation has failed, neglected, or refused to fully pay the liabilities, and there remains due and owing $1,848,015.61, including statutory additions and interest through May 2, 2019.

18. On the dates and for the tax periods set forth below, a delegate of the Secretary of the Treasury made assessments against Baggott Family Farms Corporation for the unpaid FUTA taxes, which have balances due as set forth below, after accounting for payments, credits, interest, and statutory additions including penalties:

| Tax Period Ending | Assessment Date | Unpaid Balance Due as of May 2, 2019 |
|---|---|---:|
| 12/31/2007 | 04/14/2008 | $6,856.54 |
| 12/31/2012 | 04/08/2013 | $793.74 |
| 12/31/2013 | 04/28/2014 | $22,788.00 |
| 12/31/2014 | 06/01/2015<br>05/01/2017 | $63,289.21 |
| 12/31/2015 | 05/09/2016 | $33,166.76 |
| 12/31/2016 | 05/08/2017 | $70,801.10 |
| 12/31/2017 | 05/21/2018 | $3,391.98 |

19. Notice of each assessment listed in paragraph 18 and demand for its payment was properly made on Baggott Family Farms Corporation.

20. Despite notice of the assessments listed in paragraph 18 and demand for their payment, Baggott Family Farms Corporation has failed, neglected, or refused to fully pay the

5

liabilities, and there remains due and owing $201,087.33, including statutory additions and interest through May 2, 2019.

21.     Under 26 U.S.C. § 7402(a), federal district courts have broad authority to issue injunctions and other orders necessary or appropriate for the enforcement of the internal revenue laws.  An injunction against Baggott Family Farms Corporation and Thomas E. Baggott, Jr. requiring compliance with the employment tax provisions of the Internal Revenue Code and the regulations thereunder is necessary and appropriate for the enforcement of the internal revenue laws for several reasons, including the following:

   a.     an injunction will help ensure the company's compliance with the Internal Revenue Code's employment tax withholding system and collection of the company's employment taxes;

   b.     traditional IRS collection methods have been unsuccessful in satisfying Baggott Family Farms Corporation's past due quarterly employment tax liabilities and in bringing Baggott Family Farms Corporation and Thomas E. Baggott, Jr. into compliance with the company's employment tax obligations; and

   c.     without an injunction, Baggott Family Farms Corporation and Thomas E. Baggott, Jr. are almost certain to continue violating the company's employment tax obligations and pyramiding employment taxes.

22.     The United States is alternatively entitled to injunctive relief under the traditional equitable standard because:

   a.     without an injunction the United States will suffer irreparable injury as a result of Baggott Family Farms Corporation's and Thomas E. Baggott, Jr.'s continued violation of the company's employment tax obligations, including: (i) the loss of tax revenue, including the loss

of withheld taxes, for which the government is required to give employees credit, including issuing income tax refunds for amounts withheld, even if the employer fails to pay those taxes over to the government; and (ii) the drain on limited IRS resources;

      b.    an injunction will not harm Baggott Family Farms Corporation or Thomas E. Baggott, Jr., as they will merely be required to comply with the company's employment tax obligations and to conduct the company's financial affairs like every other tax-paying business in the country;

      c.    the United States will succeed on the merits by proving Baggott Family Farms Corporation's and Thomas E. Baggott, Jr.'s noncompliance with the company's employment tax obligations and the inability of the IRS to collect the company's unpaid taxes; and

      d.    an injunction will protect the public interest in compliance with the federal tax laws and the public interest in fair competition by eliminating Baggott Family Farms Corporation's unfair competitive advantage over law-abiding business competitors who comply with the internal revenue laws and pay over withheld employment taxes.

WHEREFORE, the United States requests that the Court:

A. Find that Baggott Family Farms Corporation and Thomas E. Baggott, Jr. have engaged in and are continuing to engage in conduct that interferes with the enforcement of the internal revenue laws:

B. Find that injunctive relief under 26 U.S.C. § 7402(a) and the Court's inherent equity powers is necessary and appropriate to prevent Baggott Family Farms Corporation and Thomas E. Baggott, Jr. from interfering with the enforcement of the internal revenue laws;

C. Enter an injunction, pursuant to 26 U.S.C. § 7402(a) and the Court's inherent equity powers, ordering that:

    1. Baggott Family Farms Corporation and Thomas E. Baggott, Jr. shall cause Baggott Family Farms Corporation (and any other employer entity that Thomas E. Baggott, Jr. controls or comes to control) to withhold from each employee's paycheck an appropriate amount of income taxes and the employee portion of the FICA and Medicare taxes;

    2. Baggott Family Farms Corporation and Thomas E. Baggott, Jr. shall cause Baggott Family Farms Corporation (and any other employer entity that Thomas E. Baggott, Jr. controls or comes to control) to timely deposit withheld employee income tax, withheld employee FICA and Medicare taxes, and employer FICA and Medicare taxes in an appropriate federal depository bank in accordance with federal deposit regulations;

    3. Baggott Family Farms Corporation and Thomas E. Baggott, Jr. shall cause Baggott Family Farms Corporation (and any other employer entity that Thomas E. Baggott, Jr. controls or comes to control) to timely deposit FUTA taxes in an appropriate federal depository bank each quarter in accordance with federal deposit regulations;

    4. Baggott Family Farms Corporation and Thomas E. Baggott, Jr. shall sign and deliver to a designated IRS revenue officer or other representative or to such specific location as the IRS may deem appropriate, on the first day of each month, an affidavit stating that the required federal income taxes, FICA and Medicare taxes, and FUTA taxes were fully and timely deposited for each pay period during the prior month and shall provide a receipt showing the same;

5.      Baggott Family Farms Corporation and Thomas E. Baggott, Jr. shall cause Baggott Family Farms Corporation (and any other employer entity that Thomas E. Baggott, Jr. controls or comes to control) to timely file Form 943 employment tax returns and Form 940 unemployment tax returns that come due after the date of the injunction, and Thomas E. Baggott, Jr. shall provide a copy of each filed return to a designated IRS revenue officer, in such manner as the IRS deems appropriate, within five days of filing;

6.      Baggott Family Farms Corporation and Thomas E. Baggott, Jr. shall cause Baggott Family Farms Corporation (and any other employer entity that Thomas E. Baggott, Jr. controls or comes to control) to timely pay all required outstanding liabilities due on each return required to be filed under the Court's injunction order;

7.      Baggott Family Farms Corporation and Thomas E. Baggott, Jr. are enjoined from paying other creditors of Baggott Family Farms Corporation or from transferring, disbursing, or assigning any money, property, or assets of Baggott Family Farms Corporation after the date of the injunction order until after such time as the required deposits described in paragraphs C.1 and C.2 and any liabilities described in paragraph C.6 have been paid in full for any tax period ending after the injunction is issued;

8.      Baggott Family Farms Corporation and Thomas E. Baggott, Jr. are enjoined from assigning and/or transferring money or property to any other entity to have that entity pay the salaries or wages of Baggott Family Farms Corporation employees, except for a commercial payroll services provider approved in advance by counsel for the United States;

      9.     Baggott Family Farms Corporation and Thomas E. Baggott, Jr. shall permit a representative from the Internal Revenue Service to inspect Baggott Family Farms Corporation's books and records periodically, with two days' notice of each inspection;

      10.    For the five-year period beginning on the date this injunction order is entered, Thomas E. Baggott, Jr. shall notify in writing such representative as the IRS designates, if he intends to or does form, incorporate, own, or work in a managerial capacity for another business entity. Regardless of such notification, the preceding subparagraphs of this paragraph C. shall apply to any employer entity controlled by Thomas E. Baggott, Jr.;

D. Retain jurisdiction over this case to ensure compliance with this injunction, including authorizing the United States to take post-judgment discovery to ensure compliance;

E. Order that if Baggott Family Farms Corporation or Thomas E. Baggott, Jr. violate any term of this injunction, then counsel for the United States shall send the defendants written notice of the violation, and the defendants shall have 10 days after notification is sent to cure the violation;

      1.     A "cure" for the violation includes making a late tax deposit and all accruals on such tax, paying delinquent tax shown on a return and all accruals on such tax, filing a delinquent tax return, and providing a delinquent notification to the designated IRS revenue officer;

      2.     If counsel for the United States has sent the defendants three separate written notifications for three separate violations, then counsel for the United States shall no longer be obligated to send written notification of a violation;

      3.      If any violation is not cured within ten days of notification or if after the third notification followed by cures the United States becomes aware of a new violation by the defendants, then the United States shall be entitled to file with this Court a motion for an Order to Show Cause why Baggott Family Farms Corporation or Thomas E. Baggott, Jr. should not be held in contempt of this injunction and why Baggott Family Farms Corporation should not be ordered to cease doing business immediately and have its assets liquidated for the benefit of creditors and why Thomas E. Baggott, Jr. should not be permanently enjoined from forming, incorporating, or owning another or a successor business entity and from working for any business in any capacity that includes any responsibility for withholding, accounting for, or paying over employment taxes or for filing employment tax returns;

F.  Order that, if Baggott Family Farms Corporation discontinues operations in the future, Baggott Family Farms Corporation and Thomas E. Baggott, Jr., are enjoined from transferring, disbursing, or assigning any money, property, or assets of Baggott Family Farms Corporation except for the benefit of creditors in the order of their lawful priority, and Thomas E. Baggott, Jr. and Baggott Family Farms Corporation shall notify the IRS of any transfers, disbursements, or assignments made in connection with such discontinuation of operations; and,

G. Order that the United States of America shall recover its costs, and be awarded such other and further relief as the Court determines is just and proper.

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Jordan A. Konig*
JORDAN A. KONIG
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
202-305-7917 (v)
202-514-5238 (f)
Jordan.A.Konig@usdoj.gov

Of Counsel:

JOHN H. DURHAM
United States Attorney